Filed 9/3/14  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
| --- | --- |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSE ANTHONY RODRIGUEZ,<br><br>        Defendant and Appellant. | C074308<br><br>(Super. Ct. No. 10F02760) |

Appointed counsel for defendant Jose Anthony Rodriguez asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we determined the trial court's probation order is inconsistent with defendant's negotiated plea agreement.  Accordingly, we remand the matter to strike the great bodily injury enhancement allegation in accordance with the negotiated plea agreement.  In all other respects, the judgment is affirmed.

**I**

In February 2010, defendant and his ex-girlfriend had an argument while inside a car; their two-year-old son was also inside the car.  The argument became physical and the ex-girlfriend attempted to call the police.  When she refused to disconnect the call, defendant punched his ex-girlfriend in the face, then ran from the car.

1

Defendant was later arrested and charged with inflicting corporal injury on the parent of his child. (Pen. Code, § 273.5, subd. (a).) The People further alleged that during the commission of his crime, defendant personally inflicted great bodily injury on his victim. (Pen. Code, § 12022.7, subd. (e).) Defendant waived his right to a preliminary hearing and pled no contest to the abuse charge. In exchange for his plea, the People agreed to dismiss the great bodily injury enhancement allegation.

At sentencing, the trial court suspended imposition of sentence and ordered defendant to serve five years of formal probation. Pursuant to the terms of defendant's plea agreement, the court ordered defendant to complete a 52-week batterers' treatment program, complete 20 hours of community service, and serve 120 days in county jail. The trial court also ordered defendant to pay various fines and fees, and issued a five-year protective order for defendant's victim.

In June 2011, the probation department filed a petition alleging defendant violated the terms of his probation. Defendant admitted violating his probation by failing to complete the required batterers' treatment program. The trial court reinstated defendant's probation, but ordered defendant to serve another 30 days in county jail and reenroll in the batterers' treatment program immediately upon his release.

In May 2013, the probation department filed a second petition alleging defendant again violated the terms of his probation. Specifically, the petition alleged defendant failed to notify the probation department of his whereabouts. Notice of this petition was mailed to "Jose Rodriguez, General Delivery, Sacramento, Ca." Defendant failed to appear on the date listed in the petition; the trial court revoked defendant's probation and issued a bench warrant.

Defendant appeals from the order revoking probation. The trial court denied his request for a certificate of probable cause.

## II

Appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on

appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we determined the trial court erred by not striking the great bodily injury enhancement allegation at the sentencing hearing. As this was part of the negotiated plea agreement, we remand the matter to the trial court to strike this enhancement allegation in the probation order.

DISPOSITION

The matter is remanded to the trial court. The trial court is hereby directed to strike the enhancement allegation that defendant personally inflicted great bodily injury on his victim during the commission of his crime. In all other respects, the judgment is affirmed.

            HOCH            , J.

We concur:

        BUTZ        , Acting P. J.

        DUARTE     , J.

3